**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

SOLOMON JAMES PUGH,                    *

      Petitioner,                    *

                                                   CASE NO. 4:06-CV-7 CDL

VS.                    *                    Rule 60(b) Motion

                                                   CASE NO. 4:99-CR-08 CDL

UNITED STATES OF AMERICA,    *

      Respondent.                    *

**REPORT AND RECOMMENDATION**

      Petitioner Pugh entered into a Plea Agreement with the Government on December 12, 2000 (R-187), waived indictment, and pled guilty to a Superseding Information charging Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1).  (R-189).  He was sentenced on March 15, 2001, to a term of 150 months imprisonment to be followed by 3 years of supervised release. (R-229).  He filed no appeal nor apparently any collateral attack on his sentence within the time limits provided for each.  On January 13, 2006, however, he filed a SUBJECT MATTER JURISDICTION CHALLENGE MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 60(b).  (R-326).

**Petitioner's Claims**

      **I.** In the opening paragraph of his Motion, Petitioner Pugh alerts the court that he has "just received some information concerning this very important issue about the Supervised Release term that was imposed on Petitioner at sentencing and the fact that, the Supervised Release may be unconstitutional and thus null and void ab initio."  Petitioner Pugh then sets out his ISSUE AND FEDERAL LAW beginning on page 6 of his Motion.  He states:

Petitioner contends the term of three (3) years of <u>Supervised Release</u> as imposed pursuant to the Sentence Reform Act – U.S.S.G. § 5D1.1, & 5D1.2 is unconstitutional, and thus null and void ab initio.

In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005)*,* the Supreme Court cancelled all orders in that criminal case that caused imprisonment.  In short, the court said all judgments issued under United States Sentencing Guidelines (U.S.S.G.) were void for violations of the Fifth and Sixth Amendments.  Although the court did not explicitly address the violations of separation of powers, it is the essence of the cancellation.  Congress may not, under any circumstances, interfere with judicial discretion.  Congress did this when it made mandatory the U.S.S.G. on the courts.   . . .

The court stated the law used to sentence in *Booker's* case was invalid.  There is no severance clause in the Act of Congress' Sentencing Reform Act, P.L. 98-473, that mandated the U.S.S.G. .   Under constitutional construction, according to American Jurisprudence, when the United States Supreme Court negates a provision of an Act without a severance clause, the whole Act is Void from the beginning, as if it never existed, can confer no rights or legal standing. This must be cancellation by anyone's definition.  Thus, it follows the court was without jurisdiction to impose the three (3) years of <u>Supervised Release</u>, in Petitioner's case.

## **Discussion**

Petitioner Pugh misinterpretes and misstates what the  *Booker* Court actually held.

First, the *Booker* Court did not cancel "all orders in that case that caused imprisonment," nor

did the Court state that the law used to sentence in *Booker's* case was invalid.  The Supreme

Court actually found that under the Federal Sentencing Guidelines, the sentence authorized

by the jury verdict in Booker's drug case was 210 months to 262 months in prison.

However, the Court also found that the sentencing judge had violated the holding established

in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), that "other than the fact of

a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

The trial judge had found that Booker had possessed 566 grams of crack cocaine more than had been presented to the jury. Thus, as in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004), the jury's verdict alone did not authorize the sentence. What the *Booker* Court did was not to "cancel all orders in that case that caused imprisonment", but rather remanded the *Booker* case for resentencing to the range of imprisonment authorized by the jury's verdict. *Booker,* 543 U.S. at 221-22, 125 S.Ct. at 742.

Second, the *Booker* Court did not say that "all judgments issued under United States Sentencing Guidelines (U.S.S.G. ) were void for violations of the Fifth and Sixth Amendments." The Court found that:

> 18 U.S.C. § 3553(b)(1), which makes the Federal Sentencing Guidelines mandatory, is incompatible with today's Sixth Amendment 'jury trial' holding and therefore must be severed and excised from the Sentencing Reform Act of 1984 (Act). Section 3742(e), which depends upon the Guidelines' mandatory nature, also must be severed and excised. So modified, the Act makes the Guidelines effectively advisory, requiring a sentencing court to consider Guideline ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a).

*Id.,* at 227, 228, and 748-752.

Contrary to Petitioner's assertion that the *Booker* Court "did not explicitly address the violations of separation of powers", the Court dedicated Section 7 of its decision entirely to *Separation of Powers. See Id.,* at 241-243, and 754- 755. The Court stated that the fact that the Guidelines are promulgated by the Sentencing Commission, rather than Congress is constitutionally irrelevant, and that separation of powers concerns are not present here. The Court's decision, *Mistretta v. United States,* 488 U.S. 361, 393, 109 S.Ct. 647 (1989), upheld

the validity of that delegation of authority, as unaffected by the characterization of such facts, or by the procedures used to find such facts in particular sentencing proceedings. "The constitutional guarantees that give rise to our concern in no way restrict the ability of legislatures to identify the conduct they wish to characterize as criminal or to define the facts whose proof is essential to the establishment of criminal liability." *Booker,* 543 U.S. at 242, 125 S.Ct. at 755.  Therefore, Petitioner's contention that a violation of separation of powers "is the essence of the cancellation of all judgments issued under United States Sentencing Guidelines," is without basis or merit.

The Supreme Court in *Booker* also fully addressed Petitioner's severability concerns at pages 223 and 744, citing its authority and stating as follows:

> The entire Act need not be invalidated, since most of it is perfectly valid.  In order not to "invalidate more of the statute than is necessary," *Regan v. Time, Inc.,* 468 U.S. 641, 652, 104 S.Ct. 3262, the Court must retain those portions of the Act that are (1) constitutionally valid, *ibid.,* (2) capable of "functioning independently," *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 684, 107 S.Ct. 1476, and (3) consistent with Congress' basic objectives in enacting the statute, *Reagan, supra,* at 653, 104 S.Ct. 3262.  Application of these criteria demonstrates that only § 3553(b)(1), which requires sentencing courts to impose a sentence within the applicable Guidelines range (absent circumstances justifying a departure), and § 3742(e), which provides for *de novo* review on appeal of departures, must be severed and excised.  With these two sections severed, the rest of the Act satisfies the Court's constitutional requirement and falls outside the scope of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

The Constitution of the United States places the authority to determine the constitutionality of laws passed by Congress in the Supreme Court.  Art. III, § 2, Cl. 1.

**II.**   Petitioner Pugh submits in the alternative, "even if proved by some strange set of events to be valid, (his) sentence was executed in an illegal manner.   . . .   Petitioner contends being charged under one statute and sentenced under another set of statutes exposes the fact that 'Supervised Release' is not authorized to be tacked on to a sentence of imprisonment."   At page 8 of his Motion, Petitioner adds:

> Supervised Release is not an not an authorized sentence, but rather a separate type of restraint of liberty, a different kind of punishment.  Double punishment is double jeopardy.  Thus, all sentencing "case law" between November 01, 1987 and January 12, 2005, in now "VOID" or suspect at the least, due to the fact that all those governing statements were based on invalid law.

Inasmuch as January 12, 2005, was the date that the Supreme Court issued its decision in the *Booker* case, Petitioner Pugh is assuming retroactive application of the *Booker* ruling. That is not the case.  In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (January 12, 2005), the United States Supreme Court held at page 769:

> [W]e must apply the Sixth Amendment holding and our remedial interpretation of the Sentencing Act – **to all cases on direct review**.  See *Griffin v. Kentucky,* 479 U.S. 314, 328 (1987) ([A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... **pending on direct review** or **not yet final**, with no exception for cases in which the new rule constitutes a clear break with the past). See also *Reynoldsville Casket Co. V. Hyde,* 514 U.S. 749, 752 (1995).[1] (emphasis added).

---

[1] (*Reynoldsville* at 752) (New legal principles, even when applied retroactively, do not apply to cases already closed. Cf. *United States v. Donnelly,* 397 U.S., at 296, 90 S.Ct., at 1039 (Harlan, J., concurring) (at some point, "the rights of the parties should be considered frozen" and a "conviction ... final"))**.**

Moreover, the Eleventh Circuit Court of Appeals analyzed the *Booker* rulings in its recent decision, *In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), holding:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at 745 (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . . Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively. The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review; *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review). Petitioner's claim that the court lacked subject matter jurisdiction to impose the sentence it imposed upon him in 2001, being dependant on a retroactive application of *Booker,* is without merit.

6

Petitioner's casual alluding to a Double Jeopardy claim in reference to the Supervised

Release portion of his sentence is also without merit.  In *United States v. Jenkins,* 42 F.3d

1370, 1371 (11th Cir. 1995), the Court held that the district court had authority to impose a

period of supervised release in addition to imposing the maximum term of imprisonment

against a defendant. The  *Jenkins* Court stated:

> The supervised release statute, 18 U.S.C. § 3583(a), provides that:
> a court, in imposing a sentence to a term of imprisonment for a felony or
> misdemeanor, may include as a part of the sentence a requirement that the
> defendant be placed on a term of supervised release after imprisonment. . . .
> In *(United States v.) West,* (898 F.2d 1493, 1504 (11th Cir. 1990)), we held that
> a defendant's term of supervised release was in addition to his term of
> imprisonment and was not limited to the time of a defendant's prison sentence.
> . . . We relied on the Senate Committee Report for 18 U.S.C. § 3583(a), which
> states "the term of supervised release would be a separate part of the
> defendant's sentence, rather than being the end of the term of imprisonment."
> S.Rep. No. 98-225 at 123-24, *reprinted in* 1984 U.S. Code Cong. & Admin.
> News, pp. 3182, 3306-07. . . .
> The circuits which have decided the issue directly have held that courts can
> order supervised release in addition to the maximum term of imprisonment
> available by statute, noting that § 3583(a) allows the district court to include
> supervised release as "part of the sentence," not as part of the imprisonment.
> (citations omitted). *See United States v. Montenegro -Rojo,* 908 F.2d 425, 432-
> 33 (9th Cir. 1990) (Section 3583(a) gives "a sentencing court the option to tack
> a period of supervised release onto any term of imprisonment authorized by
> a substantive criminal statute, even a term near or at the maximum").

In *United States v. Woods,* 127 F.3d 990 (11th Cir. 1997), the Court, first noting the

Double Jeopardy Clause of the Fifth Amendment, to-wit., "that no preson shall be subject

to be twice put in jeopardy of life or limb," then, at page 992-93, observed:

> Because revocation of supervised release amounts only to a modification of
> the terms of the defendant's original sentence, and does not constitute
> punishment until a new revocation-triggering offense, the Double-Jeopard
> Clause is not violated by a subsequent prosecution for that new offense.", *cert.*

7

*denied,* 520 U.S. 1149, 117 S.Ct. 1325 (1997). . . .  For the purposes of our analysis within the framework of the Double Jeopardy Clause, there is no distinction between revocation of probation and supervised release.

Petitioner Pugh was sentence to a term of 150 months imprisonment under 21 U.S.C. § 841(b)(1)(C),  when the maximum statutory penalty that could have been imposed upon him in 2001 was 240 months imprisonment.   His sentence was not a maximum statutory sentence and the three (3) year term of Supervised Release is within the maximum statutory sentence.   So, Petitioner Pugh has less cause to complain than any of the defendants in the cases cited above, which, nonetheless, hold that the length of the imprisonment has no legal effect on the imposition of a period of Supervised Release.   Petitioner's Double Jeopardy claim is without merit.

**III.**   Petitioner Pugh contends that his conviction was obtained under a charge carrying a specific penalty, and that the offense conduct and penalty must be stated by the charging statute in order for them to be valid.  He states, further, that, "there is no statutes regarding Supervised Release as a form of punishment."   However, as noted above, the **Supervised Release Statute**, 18 U.S.C. § 3583(a), provides that:

> The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment.

Again, in *United States v. Jenkins,* 42 F.3d 1370, 1371 (11ᵗʰ Cir. 1995), citing *(United States v.) West,* (898 F.2d 1493, 1504 (11ᵗʰ Cir. 1990)), the Eleventh Circuit Court of Appeals held "that a defendant's term of supervised release was in addition to his term of imprisonment and was not limited to the time of a defendant's prison sentence . . . We relied

8

on the Senate Committee Report for 18 U.S.C. § 3583(a), which states "the term of supervised release would be a separate part of the defendant's sentence, rather than being the end of the term of imprisonment."

Petitioner's claim that there is no legal or statutory authority for the imposition of a term of Supervised Release after imprisonment is without merit.

### Conclusion

Petitioner Pugh's claim that the district court lacked subject matter jurisdiction to sentence him to a period of Supervised Release fails upon a showing that no event, case, or precedent issued by the Eleventh Circuit Court of Appeals or the Supreme Court has taken away from the district court the duty and/or discretion to sentence defendants convicted of criminal offenses to imprisonment and supervised release thereafter.

On June 23, 2005, the United States Supreme Court ruled in *Gonzalez v. Crosby*, —U.S. —, 125 S.Ct. 2641, that "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Using Rule 60(b) to present substantive claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 125 S.Ct. at 2647.

Petitioner Pugh has failed to show that his sentence is effected by any new rule of constitutional law or newly discovered facts, and should, therefore, be summarily dismissed.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion pursuant to Rule 60(b) be DENIED and DISMISSED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may file and serve written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 29th day of March 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE